Andrew Jackson Realty Co., L.P. v Patan (2025 NY Slip Op 50834(U))

[*1]

Andrew Jackson Realty Co., L.P. v Patan

2025 NY Slip Op 50834(U)

Decided on May 16, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 16, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., MARINA CORA MUNDY, LISA S. OTTLEY, JJ

2023-944 Q C

Andrew Jackson Realty Co., L.P., Respondent,
against
Sybill Patan, Appellant, et al., Undertenants. 

Sybill Patan, appellant pro se.
Rosenblum & Bianco, LLP (Tracy William Boshart of counsel), for respondent.

Appeal from a final judgment of the Civil Court of the City of New York, Queens County (Clinton J. Guthrie, J.), entered August 11, 2023. The final judgment, after a nonjury trial, awarded landlord possession and implicitly dismissed tenant's counterclaim in a holdover summary proceeding.

ORDERED that the final judgment is affirmed, without costs.
In this holdover proceeding commenced in 2022, landlord asserts that the subject apartment is not rent stabilized as it was deregulated in 2005. Tenant counterclaimed for rent overcharges and alleged that the apartment was fraudulently deregulated since it had never been renovated.
At a nonjury trial, landlord's property manager testified that, after the last rent-stabilized tenant vacated the apartment in 2004, the application of vacancy and longevity increases caused the legal rent to exceed the $2,000 luxury deregulation threshold then in effect. Tenant testified, among other things, that she believed that she was paying too much rent since her apartment had not been renovated in decades, and people that she knew with similar sized renovated apartments were paying less rent than she had been paying; and that landlord fraudulently had the apartment deregulated since no renovations had been made to the apartment. In a final judgment entered August 11, 2023, the Civil Court (Clinton J. Guthrie, J.) awarded landlord possession and implicitly dismissed tenant's counterclaim.
On appeal, tenant, pro se, contends, among other things, that she never received a 90-day [*2]notice of non-renewal; that the notice of petition and petition were improperly served by regular mail; and that the apartment deregulation was illegal and fraudulent. As tenant failed to raise her notice arguments in her answer or by a pre-trial motion in the Civil Court, and appeared in court without raising appropriate objections, those arguments have been waived (see Hernandez v Saintelus, 85 Misc 3d 129[A], 2025 NY Slip Op 50186[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2025]; 136-76 39th Ave., LLC v Ai Ping Wu, 55 Misc 3d 128[A], 2017 NY Slip Op 50363[U] [App Term, 2d Dept 2d, 11th & 13th Jud Dists 2017]).
Since tenant alleged that her apartment was fraudulently deregulated, it was landlord's threshold burden to prove that the apartment was not rent stabilized (see Ortiz v Dharmnath, 83 Misc 3d 38, 39 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2024]; TJA Realty, LLC v Hermosa, 56 Misc 3d 130[A], 2017 NY Slip Op 50858[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]). In 2005, the "Rent Regulation Reform Act of 1997 . . . entitle[d] the owner of a regulated housing accommodation, upon the vacancy of the unit, to a 20% rent increase, plus, whenever there ha[d] not been a vacancy increase with respect to the unit for eight years or more, an additional increase, known as a 'longevity' increase, equal to .6% of what was the legal regulated rent for each year since the previous vacancy increase (see L 1997, ch 116, § 19, codified at Rent Stabilization Code [9 NYCRR] § 2522.8 [a] [2] [ii])" (Matter of Ador Realty, LLC v Division of Hous. & Community Renewal, 25 AD3d 128, 131-132 [2005]). Landlord's trial evidence established that tenant's apartment was legally deregulated in 2005. The last rent-stabilized tenant of the apartment resided there from 1992 to 2004, and the last vacancy increase was in 1992. After this person vacated, and upon the application of the 20% vacancy and .6% longevity rent increases permitted at that time (see RSC § 2522.8; Matter of Ador Realty, LLC,25 AD3d at 131-132), the apartment's rent exceeded the $2,000 threshold for luxury deregulation. Contrary to tenant's assertion, the increases to the rent were not based on individual apartment improvements (i.e., renovations), and tenant failed to show that landlord committed fraud and/or overcharged her on rent. 
Tenant's remaining contentions are unpreserved for appellate review or have no merit.
Accordingly, the final judgment is affirmed.
TOUSSAINT, P.J., MUNDY and OTTLEY, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 16, 2025